IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ADEISLEM HERNANDEZ,

    Plaintiff,

CASE NO. 1:21-cv-20861

v.

WALMART STORES, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, WALMART STORES, INC. ("Defendant") hereby files this Notice of Removal from the Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. The grounds for removal are as follows:

    **I.**    **STATEMENT OF THE GROUNDS FOR REMOVAL**

1. The removed case is a civil action filed in the Circuit Court in and for Miami-Dade County, Florida, assigned Case No. 2020-026829-CA-01, and captioned *Adeislem Hernandez v. Walmart Stores, Inc*. This Court has original jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This personal-injury claim arises from the Plaintiff allegedly slipping and falling on an unknown liquid substance, believed to be water, at Walmart Store #2727 on August 6, 2019. See Comp.¶7. According to the Complaint, Plaintiff, "sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment,

disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff ADEISLEM HERNANDEZ will suffer the losses into the figure." See Compl. ¶13.

## II. PAPERS FROM REMOVED ACTION

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant, including the Complaint, are attached collectively as Exhibit A.

## III. THE REMOVAL IS TIMELY

4. Plaintiff commenced this action on or about December 15, 2020. The Complaint was not initially removable under 28 U.S.C. § 1446(b) because it lacked the necessary showing for diversity jurisdiction. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062-63 (11th Cir. 2010) (requiring the grounds for removal based upon a complaint to be at least "facially apparent").

5. The Complaint alleged damages in excess of only the state-court jurisdictional threshold. See Compl. ¶1. *Hill v. Toys "R" Us, Inc.*, No. 10-0404-WS-B, 2010 WL 3834532, at *1 (S.D. Ala. Sept. 24, 2010) (holding that "[t]he amount in controversy is not apparent from the face of the complaint" when the plaintiff alleged only general injuries and damages such as "pain and suffering" and "medical bills") (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)); see generally *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (noting that "it is highly questionable whether a defendant could ever file a notice of removal on diversity grounds . . . where the defendant . . . has only bare pleadings containing unspecified damages on which to base its notice").

6. 28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

7. On February 1, 2021, Plaintiff responded to Defendant's January 7, 2021 first Request for Admissions, admitting the minimum amount in controversy for federal diversity jurisdiction. See First Req. for Adm. (January 7, 2021), and Pl. Resp. (February 1, 2021), attached as Composite Exhibit B. Specifically, Plaintiff admitted that she is seeking more than $75,000.00 in damages in this case, exclusive of costs." *Id.*

8. This response is the first indication of the showing necessary for removal under diversity jurisdiction. *See Morock v. Chautauqua Airlines, Inc.,* No. 8:07-CV-00210- T17MAP, 2007 WL 1725232, at *3 (M.D. Fla. June 14, 2007) (holding removal timely because "[d]efendant ascertained the jurisdictional threshold was met upon receiving the answers to . . . requests for admissions"); *see also Enterline v. Sears, Roebuck & Co.,* No. 2:08-cv-221-JES-DNF, 2008 WL 1766911, at *2-*3 (M.D. Fla. Apr. 15, 2008) (holding that the case "was not removable to federal court based on the initial pleadings" and order on requests for admission regarding the amount in controversy "was the first 'order or other paper' from which it could be ascertained that the case was removable").

9. In this case, and those cited above, courts allow removal upon subsequent receipt of "other paper," such as answers to requests for admission, that indicate the basis for diversity jurisdiction. *See Enterline*, 2008 WL 1766911, at *3; *Morock*, 2007 WL 1725232, at *3. Therefore, this Notice of Removal is timely filed within 30 days of receipt of the response to Defendant's request for admission and within one year of commencement of the action.

3

## IV.    THE VENUE REQUIREMENT IS MET

10. Venue of this removal is proper in the Southern District of Florida under 28 U.S.C. § 1441(a) because the Circuit Court of Miami-Dade County, Florida is within the Miami Division of the Southern District of Florida.

## V.    BASIS FOR DIVERSITY JURISDICTION

11. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. There is complete diversity of citizenship and no properly joined and served defendant is a citizen of Delaware.

12. Plaintiff is, and at the time of filing this action was, a resident of Miami-Dade County. See Compl. ¶2. The Complaint alleges that plaintiff "was and is a resident of Miami-Dade County." Id. It is well-settled that for diversity purposes, a person is considered a citizen of the state where that person is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *Lazo v. U.S. Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430, at *5 (S.D. Fla. Aug. 21, 2008); *Stirzaker v. Howard*, No. 3:2000cv01350, 2001 WL 1090198, at *1 (M.D. Fla. Aug. 30, 2001). A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. *See Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, No. 3:2007cv00374, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007). A party's residence is prima facie evidence of a party's domicile. *See Katz v. J.C. Penney Corp.*, Inc., No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009). Accordingly, Plaintiff is a citizen of Miami-Dade County for purposes of determining diversity of citizenship.

13. Defendant is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. Accordingly, Defendant is a citizen of Delaware and Arkansas for the purposes of determining this Court's subject matter jurisdiction. See 28 U.S.C. § 1332(c). Because Defendant is a citizen of Delaware and Arkansas and the Plaintiff is not, complete diversity of citizenship exists. See 28 U.S.C. § 1332; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

## VI. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

14. The amount in controversy exceeds $75,000, exclusive of interest and costs.

15. On December 15, 2014, the U.S. Supreme Court issued its decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014). In Dart, the Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," id. at 554 (emphasis added),
- the defendant "may simply allege or assert that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" id. at 553- 54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and
- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."

*Id. at 553.*

16. Before *Dart*, the law in the Eleventh Circuit did not permit a defendant to remove by simply asserting a plausible allegation that the amount in controversy exceeded $75,000.00. *See Williams*, 269 F.3d at 1320 ("A conclusory allegation in the notice of removal that the

5

jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

17. The *Dart* standard now permits Defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant's allegation is presumed correct. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554. Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until after the defendant files a notice of removal containing those allegations.

*Id.*

18. Even before *Dart*, courts held that an answer to a request for admission, more specifically the denial of a request to admit that the amount in controversy is less than the jurisdictional threshold, establishes the amount in controversy and enables removal. For example, in *Field v. National Life Ins. Co.*, No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *8 (M.D. Fla. Jan. 22, 2001), the court decided that a response that denied that damages exceeded $75,000 was "other paper" under section 1446(b)(3):

> When a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a *request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed . . . . This*

6

> *discovery response will constitute "other paper" that affirmatively shows that the jurisdictional amount may be satisfied.*

*Id.*

19. Other federal courts in Florida agree. *See Williams v. Discount Auto Parts, LLC*, No. 1:14-22344-CIV, 2014 WL 4953753, at *1 (S.D. Fla. Oct. 1, 2014) (holding that removal was proper when the plaintiff denied a request for admission and, in doing so, "stated that her total damages are not less than or equal to $75,000"); *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850, at *1, *3 (M.D. Fla. Nov. 5, 2010) (holding that removal was proper after the plaintiff denied requests for admission "that the amount in controversy was less than $75,000 and that he sought to recover less than $75,000 in this lawsuit"); *Lasarso v. Best Buy Stores*, L.P., No. 8:08-cv-1420-T-30TGW, 2008 WL 3254210, at *1 (M.D. Fla. Aug. 7, 2008) (holding that removal was proper after "[d]efendants received a response to a Request for Admissions in which [p]laintiff denied that the damages sought would not exceed $75,000.00").

20. Here, under these cases and with the addition of *Dart* as binding authority, Plaintiff's admission that the damages she seeks are more than the jurisdictional threshold provides Defendant with far more than even a "plausible" basis for removal. Simply put, the amount in controversy is met and diversity jurisdiction exists.

### VII.   FILING OF REMOVAL PAPERS

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiffs' counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida. A true and correct copy of this Notice is attached as part of Exhibit A.

22. Thus, the state-court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the

jurisdiction of the United States District Court for the Southern District of Florida, Miami Division; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart*, 135 S. Ct. at 553; see also *Corp. Mgmt. Advisors, Inc*. v. Artjen Complexus, Inc., 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that the trial court cannot *sua sponte* remand a case as long as the removing party pleads the general basis for diversity jurisdiction).

**WHEREFORE,** Defendant, Walmart, Inc. hereby removes the above-captioned action from the Circuit Court in and for Miami-Dade County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by e-portal and e-served this 3rd day of March, 2021 to: Aaron Feuer, Esq. *Attorney for Plaintiff,* Rubenstein Law, P.A., 9130 S. Dadeland Blvd., Penthouse Suite, Miami, FL 33156 at aaron@rubensteinlaw.com.

Respectfully submitted,

By:   /s/ *Sophia R. Ward*
Sophia R. Ward, Esq.
Florida Bar No.: 86139
Dakeitha S. Haynes, Esq.
Florida Bar No.: 1002429
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
*Attorneys for Defendant*
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: rclyne.pleadings@qpwblaw.com
sophia.ward@qpwblaw.com
Dakeitha.haynes@qpwblaw.com
gcastro@qpwblaw.com
jenzell.brown@qpwblaw.com