UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CIV-20861-COOKE/Damian

**ADEISLEM HERNANDEZ**,

    Plaintiff,
v.

**WALMART STORES, INC.**,

    Defendant.
_____/

## **ORDER**

**THIS MATTER** is before the Court on the Report and Recommendation of the Honorable Melissa Damian, U.S. Magistrate Judge [ECF No. 45], regarding Defendant, Walmart Stores, Inc.'s, Motion for Summary Judgment [ECF No. 22]. In her Report, Judge Damian recommends that the Motion be granted in part and denied in part. More specifically, Judge Damian recommends that the Motion be granted as to Plaintiff, Adeislem Hernandez's claim that Defendant, Walmart Stores, Inc., had actual knowledge of the existence of a dangerous condition that allegedly caused her injury and that the Motion be denied as to Plaintiff's claim that Defendant should be charged with constructive knowledge of the dangerous condition. (*See* Report 14). Defendant timely filed its Objection to Magistrate Judge's Report [ECF No. 49], to which Plaintiff filed a Response in Opposition [ECF No. 56].

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress's intent was to require *de novo* review only when objections are properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court

Case No. 21-CIV-20861-COOKE/Damian

review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)); *Wanatee v. Ault*, 39 F. Supp. 2d 1164, 1169 (N.D. Iowa 1999) (quoting 28 U.S.C. § 636(b)(1)). Because Defendant filed timely an Objection to Judge Damian's Report, the Court reviews the record *de novo*.

In its Objection, Defendant argues that Judge Damian erred: 1) "in finding that there is a genuine issue of material fact as to whether the dangerous condition (the puddle of water on the floor) had been there for a sufficient period of time to charge [Defendant] with constructive notice[]" (Obj. 2 (alterations added)); and 2) "in finding that a reasonable inference can be drawn that the condition (water leaking from bunkers) occurred with sufficient regularity such that it was foreseeable[]" (*id.* 6 (alteration added)). After conducting a *de novo* review of the record, the summary judgment briefing (*see* [ECF Nos. 22, 23, 24 & 25]), Defendant's Objection, Plaintiff's Response, and the relevant legal authorities, the Undersigned agrees with Judge Damian that there are genuine triable issues of fact as to: 1) whether the puddle of water on the floor had been there for a sufficient period of time to give Defendant constructive knowledge of the condition; and 2) whether a reasonable inference can be drawn that the leakage of water from Defendant's bunkers occurred with sufficient regularity to make the condition foreseeable.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Judge Damian's Report **[ECF No. 45]** is **ACCEPTED AND ADOPTED**. Accordingly, Defendant, Walmart Stores, Inc.'s Motion for Summary Judgment [**ECF No. 22**] is **GRANTED in part** and **DENIED** in part.

Case No. 21-CIV-20861-COOKE/Damian

**DONE AND ORDERED** in Miami, Florida, this 27th day of July 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTICT JUDGE**
On behalf of **Marcia G. Cooke, United States District Judge**

cc:
Melissa Damian, U.S. Magistrate Judge
counsel of record

3